IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE GANAWAY, | ) | CASE NO. 1:11CV0176 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon Plaintiff's *pro se* Complaint (Doc. 1).  For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e).

**Discussion**

Plaintiff *pro se* Clarence Ganaway filed this action against the State of Ohio. His allegations are not clear, and the Court therefore finds it difficult to evaluate the constitutional grounds Plaintiff believes entitle him to relief. He appears to assert that the Ohio and United States Constitutions are in conflict because the Ohio Constitution is longer and has more power.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the

district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Rule does not require "detailed factual allegations," but the complaint should contain more than an" unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading consisting of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* The complaint must include sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* Plausibility exists when the plaintiff pleads facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be more than a possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 557 (2007).

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid claim. *See Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

**Conclusion**

Accordingly, this action is DISMISSED pursuant to 28 U.S.C. § 1915A. The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date:   3/17/11                                        /s/ **Patricia A. Gaughan**
                                                       PATRICIA A.GAUGHAN
                                                       UNITED STATES DISTRICT JUDGE